JOURNAL ENTRY AND OPINION.
{¶ 1} On January 31, 2001, defendant-appellant, Stella Shepard, was indicted on charges of taking the identification of another, possession of criminal tools, burglary, theft, with elderly specifications, and attempted theft, with elderly specifications.
 {¶ 2} The indictment arose out of events associated with a scheme to defraud elderly persons, of which appellant was a part. Appellant would contact an elderly person and pretend to be a police officer. Appellant would then request the individual's help in catching a bank teller who was stealing. Pursuant to the scheme, the individual would withdraw a significant sum of money from his or her bank account, while accompanied by appellant. Any funds allegedly not stolen by the bank teller during the withdrawal would be turned over to appellant for use as evidence against the teller. In actuality, the funds were split among appellant and her two co-defendants, leaving the elderly victim without a significant portion of his or her life savings.
 {¶ 3} On February 26, 2001, appellant entered guilty pleas to all charges in the indictment. On May 23, 2001, the trial court sentenced appellant to concurrent prison terms ranging from ten months to six years.
 {¶ 4} In her sole assignment of error, appellant contends that her sentence must be vacated and the matter remanded for a new sentencing hearing because the trial court failed to notify her at the sentencing hearing, as required by R.C. 2929.19, that she would be subject to a term of post-release control.
 {¶ 5} The State concedes that the trial court made no mention of post-release control at the sentencing hearing, but asserts that on February 26, 2001, when appellant appeared in court to enter her guilty plea, the trial court verbally advised appellant that she would be subject to post-release control. The record reflects the following colloquy:
 {¶ 6} "THE COURT: Are you further aware that upon your release from prison if you were sentenced to prison, that for any Felony 2 or 3, the Adult Parole Authority will in fact supervise you under what's called post-release control. On a Felony 4 or 5 the Adult Parole Authority has a choice of whether or not to supervise you, but in either event if they do supervise you and you fail to meet the terms and conditions of the post-release control supervision, that the Adult Parole Authority can modify your supervision and make it more restrictive?
 {¶ 7} "MS. SHEPARD: Yes, Your Honor.
 {¶ 8} "THE COURT: Are you aware they can incarcerate you for up to one-half the original sentence imposed by me?
 {¶ 9} "MS. SHEPARD: Yes.
 {¶ 10} "THE COURT: They can charge you with a new offense called escape, another felony where you would face additional prison time.
 {¶ 11} "MS. SHEPARD: Yes, Your Honor.
 {¶ 12} "THE COURT: If you commit a new crime while under post-release control, you can face the maximum penalties under the law for the new crime committed. Are you aware of that?
 {¶ 13} "MS. SHEPARD: Yes, Your Honor."
 {¶ 14} In Woods v. Telb (2000), 89 Ohio St.3d 504, the Ohio Supreme Court upheld the constitutionality of the post-release control statutes, and held that "pursuant to R.C. 2967.28(B) and (C), a trial court must inform the offender at sentencing or at the time of a plea hearing that post-release control is part of the offender's sentence." In light of this holding, the State argues that the trial court's advisement regarding post-release control at the plea hearing was sufficient notice to appellant and, therefore, her sentence should be affirmed.
 {¶ 15} R.C. 2967.28 provides that offenders are subject to terms of post-release control depending upon the degree and type of crime committed. R.C. 2967.28(B) provides that post-release control is mandatory for first and second degree felonies, felony sex offenses, and third degree felonies that are not sex offenses but during which the defendant caused or threatened physical harm, and it specifies the length of post-release control for each degree of felony. R.C. 2967.28(C) provides that post-release control is discretionary for certain third, fourth or fifth degree felonies not subject to R.C. 2967.28(B), if the parole board determines that a period of post-release control is necessary for that offender.
 {¶ 16} Although the Ohio Supreme Court referenced R.C. 2967.28(B) and (C) in the Woods opinion, it made no mention of the mandatory requirements of R.C. 2929.19, regarding the sentencing hearing, in its opinion. Specifically, R.C. 2929.19(B)(3) provides, in pertinent part:
 {¶ 17} "Subject to division (B)(4) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
 {¶ 18} "(a) Impose a stated prison term;
 {¶ 19} "(b) Notify the offender that, as part of the sentence, the parole board may extend the stated prison term for certain violations of prison rules for up to one-half of the stated prison term;
 {¶ 20} "(c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first degree or second degree, for a felony sex offense, or for a felony of the third degree in the commission of which the offender caused or threatened to cause physical harm to a person;
 {¶ 21} "(d) Notify the offender that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the third, fourth, or fifth degree that is not subject to division (B)(3)(c) of this section."
 {¶ 22} "(e) Notify the offender that, if a period of supervision is imposed following the offender's release from prison * * * and if the offender violates that supervision or a condition of post-release control * * * the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender;
 {¶ 23} "* * *." (Emphasis added.)
 {¶ 24} In light of the mandatory language of R.C. 2929.19, this court has consistently held that the trial court has a mandatory duty at the sentencing hearing to notify the defendant that he or she is subject to post-release control. See State v. Huber, Cuyahoga App. No. 80616, 2002-Ohio-5839; State v. Bryant, Cuyahoga App. No. 79841, 2002-Ohio-2136; State v. Rashad (Nov. 8, 2001), Cuyahoga App. No. 79051;State v. Wright (Sep. 28, 2000), Cuyahoga App. No. 77748; State v. Shine
(Apr. 29, 1999), Cuyahoga App. No. 74053. We concede that Woods v. Telb
suggests that a trial court meets its obligation by informing the offender either at a plea hearing or at a sentencing hearing after trial that post-release control is part of the offender's sentence. However, because of the mandatory statutory language contained in R.C. 2929.19, we decline the State's invitation to hold that verbal notification of post-release control at the plea hearing is sufficient notice.
 {¶ 25} Here, although we commend the trial court for the excellent notification regarding post-release control that it provided to appellant at the plea hearing, a review of the transcript demonstrates that the trial court failed to satisfy the notification requirements of R.C.2929.19(B)(3) at the sentencing hearing. Appellant's assignment of error is therefore well-taken and, accordingly, we vacate her sentence and remand the case for resentencing in compliance with R.C. 2929.19(B)(3).
Sentence vacated; remanded for resentencing.
FRANK D. CELEBREZZE, JR., P.J. and COLLEEN CONWAY COONEY, J. concur.